IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILFORD GALLOWAY,**

        **Petitioner,**

    v.                      CASE NO. 10-3064-SAC

**STATE OF KANSAS,**
**et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. The filing fee has been paid.

Petitioner was convicted by a jury in the Douglas County District Court, Lawrence, Kansas, of first degree felony murder and sentenced on March 19, 1998, to life in prison. He appealed, and the Kansas Supreme Court affirmed on March 10, 2000. State v. Galloway, 268 Kan. 682, 1 P.3d 844 (Kan. 2000).

On March 12, 2001[1], Mr. Galloway filed a pro se state post-conviction motion pursuant to K.S.A. 60-1507. The motion "lay dormant for 3 years" and counsel was appointed in July 2004. See Galloway v. Nelson, 195 P.3d 291, *1, 2008 WL 4849166 (Kan.App. Nov. 7, 2008). The motion was eventually denied on February 23, 2007, after an evidentiary hearing, and Galloway appealed to the Kansas Court of Appeals (KCOA), which affirmed. Id. His Petition for Review was denied on April 7, 2009. This federal application for habeas corpus relief under § 2254 was executed on March 23, 2010.

As ground 1 for his federal Petition, Mr. Galloway claims the

---

[1] Mr. Galloway who has done a good job of completing his § 2254 forms, states that this motion was filed on March 21, 2001.

trial court abused its discretion when it denied his motion for mistrial.  In support, he alleges that the evidence against him was not overwhelming, and that a false statement by a police officer testifying at trial that Galloway had said he had been to prison for murder prejudiced him with the jury, even though the judge repeatedly instructed the jury that it was false. Apparently, this statement violated an order on a motion in limine.  Petitioner raised this claim on direct appeal and in post-conviction proceedings.

As Ground 2, petitioner claims trial counsel was ineffective in that he failed to set forth an alternative theory as to the State's witness who was a co-defendant and what benefit he received for his testimony.  Petitioner alleges that he did not raise this claim either on direct appeal or in state post-conviction proceedings.

As Ground 3, petitioner claims appellate counsel was ineffective in that he failed to "set forth Galloway's constitutional right to a fair trial established the violation of the in limine order was not harmless error".  Petitioner obviously could not have raised this claim on direct appeal, and did not raise it in his state post-conviction proceedings.

As Ground 4, petitioner claims "cumulative trial error."  In support, he repeats the first three grounds.  He alleges that he did not raise this claim on direct appeal, but did raise it in his state post-conviction proceedings.

Petitioner has also filed a "Motion for Enlargement of Time" (Doc. 2), in which he seeks ninety (90) days to file a Memorandum of Law in Support of his Petition.  Therein, he alleges that he filed the instant federal Petition within the one-year statute of

2

limitations, which he claims expires on April 1, 2010. He seeks a "continuance" to allow for adequate trial preparation "to perfect his Memorandum of Law in Support". He also requests appointment of counsel in this motion, but has not filed a separate motion for appointment of counsel.

Mr. Galloway is obviously aware of the one-year statute of limitations that applies to a federal § 2254 habeas petition. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). However, he seems to have miscalculated the date the time limitation commenced in his case.

Applying the statutory provisions to the facts of this case, it appears petitioner's convictions "became final" for limitations purposes on June 9, 2000.[2] It follows that the statute of

---

[2] Section 2244 provides that the "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The Kansas Supreme Court denied his Petition for Review on direct appeal on March 10, 2000. Mr. Galloway then had 90 days to file a petition for writ of certiorari in the United States Supreme Court. Because he did not seek review in the U.S. Supreme Court, the time for seeking direct review in his case expired and his conviction became "final" at the end of this 90-day period, which was June 9, 2000. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

3

limitations began to run on this date. It ran unimpeded for approximately 274 days before petitioner filed his state post-conviction motion on March 12, 2001. Thus, only 81 days remained in the one-year limitations period when it was statutorily tolled by the filing of petitioner's 60-1507 motion. It remained tolled until the state post-conviction proceedings were concluded, which was on the date the Petition for Review was denied in those proceedings, April 7, 2009. The limitations period then began to run again on April 8, 2009, and ran uninterrupted until it expired 81 days later on June 28, 2009. The instant Petition was not mailed to the court until March 24, 2010, which was nearly 10 months after the limitations period expired. Mr. Galloway did not respond to the question regarding timeliness on his form petition.

Mr. Galloway is given time to show cause why this action should not be dismissed as time-barred. If he cannot show that he is entitled to additional statutory tolling, he must allege facts demonstrating his entitlement to equitable tolling.[3] Gibson, 232

---

[3] Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808. Nor do complaints regarding post-conviction counsel entitle one to equitable tolling, as there is not

F.3d at 800.  If he does not present sufficient facts within the time provided, then this action must be dismissed.

Petitioner's Motion for Enlargement of Time (Doc. 2) for the purpose of filing a memorandum of law to support the grounds in his Petition is denied at this time for the reason that he must first show his claims are not time-barred.  His request for appointment of counsel imbedded in this motion is denied, for the reason that there is no right to assistance of counsel in a federal habeas corpus proceeding, and the court finds facts have not been alleged to show that appointment of counsel is necessary in this case.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's Motion for Enlargement of Time and his request for counsel (Doc. 2) are denied, without prejudice.

**IT IS SO ORDERED**.

Dated this 19th day of April, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge

---

constitutional right to counsel in such proceedings.